NO. 07-02-0418-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 28, 2003

_____

NEDIEM MAHMOUD SAADEDDINE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 163RD DISTRICT COURT OF ORANGE COUNTY;

NO. B010142-R; HONORABLE DENNIS POWELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Nediem Mahmoud Saadeddine appeals from a conviction and sentence

in the 163rd District Court of Orange County, Texas (the trial court), for aggravated sexual

assault. His appellate attorney has filed a brief indicating that in counsel's opinion, the

appeal is meritless. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

493 (1967). In the introduction to the <u>Anders</u> brief, counsel recites that appellant was convicted of aggravated sexual assault. In the Statement of the Nature and Result of the Case however, counsel states that appellant was indicted for the offense of burglary of a habitation. The clerk's record shows that appellant was indicted for an incident on or about September 20, 2000. Appellant's brief recites that the burglary of a habitation occurred on September 27, 1997. The brief recites that appellant pled guilty on April 11, 2001, while the reporter's record shows that the guilty plea occurred on April 9, 2001.

The substantive portion of appellant's brief is one page. An additional page contains counsel's certification that he has diligently reviewed the record, formed the opinion that the appeal is without merit, and that he has advised appellant of appellant's rights.

Prior to concluding that an appeal is frivolous, appellate counsel must make a diligent and thorough evaluation of the case. See <u>McCoy v. Court of Appeals of Wisconsin, Dist. 1</u>, 486 U.S. 429, 438, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). The appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal. <u>Id</u>. If the attorney determines there are no arguments to be made on behalf of the client, the attorney is required to so advise the appellate court and seek leave to withdraw as counsel. See <u>id.</u> at 438-439, 108 S.Ct. 1895.

The brief filed on behalf of appellant does not show that counsel has fulfilled his duties to his client. At a minimum, the brief demonstrates that counsel either has not exercised diligence in thoroughly researching and mastering the record, or has not exercised diligence in formulating and exhibiting in the appellate brief that he has researched and mastered the record.

Counsel has set out his professional opinion that the appeal does not have merit. He has not, however, filed a motion to withdraw.

This appeal is abated and the cause is remanded to the trial court. Upon remand, the judge of the trial court is directed to replace appellant's current counsel with new appellate counsel.

The trial court is directed to: (1) conduct any necessary hearings; (2) if any hearings are held, to make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) enter any orders appropriate; (4) cause any hearing proceedings to be transcribed and included in a reporter's record; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than September 19, 2003.

3

Per Curiam

Do not publish.